UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUPER PRODUCTS, LLC,, | |
| Plaintiff(s), | |
| v. | 26-CV-5457 (DEH) |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A, | ORDER |
| Defendant(s). | |

DALE E. HO, United States District Judge:

On June 29, 2026, Plaintiff Souper Products LLC ("Souper") moved the Court, ex parte, for a temporary restraining order against 129 defendants. ECF No. 7. The motion is **DENIED.**

Plaintiff alleges infringement of its trademarks which are covered by U.S. Trademark Registration Nos. 5,545,717, and 6,850,254 (the "SOUPER CUBES Trademarks") and its design patents covered by US D887,460 S, US D905,133 S, US D906,379 S, US D1,021,979 S, US D1,028,022 S, US D1,028,023 S, US D1,028,024 S, US D1,033,486 S, and US D1,034,715 S (the "SOUPER CUBES Patents", together with the SOUPER CUBES Trademarks, the "SOUPER CUBES IP"). ECF No. 1. Among other things, Plaintiff seeks an order authorizing alternative service and temporarily restraining each of the defendants from manufacturing, marketing, selling, or otherwise dealing in products either bearing Souper's mark or infringing on the design patents. ECF No. 6.

"A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly." *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y 1997) (citing *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir. 1991)). To succeed on a motion for a temporary restraining order, a party "must . . . show a likelihood of success on the merits, a

likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Coronel v. Decker*, 449 F. Supp. 3d 274, 280-81 (S.D.N.Y. 2020).

Plaintiff has failed to show a likelihood of success on the merits. To state a claim for infringement under Section 32(a) of the Lanham Act and false designation of origin under 43(a), a plaintiff must satisfy a "familiar two-prong test." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 440 (S.D.N.Y. 2017); *see also Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002) ("[I]it is well settled that the standards for false designation of origin claims under Section 43(a) of the Lanham Act are the same as for trademark infringement claims under Section 32.") (cleaned up). First, a plaintiff must establish that the mark is entitled to protection. *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 486 (S.D.N.Y. 2008). Next, the court must determine whether defendants' use of the mark is likely to cause consumer confusion as to the origin or sponsorship of the defendant's goods. *Id.*; *see also Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004) ("The crucial issue in an action for trademark infringement is whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question."). Here, Plaintiff has shown that it likely has valid marks entitled to protection given that its marks have been registered. *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000). Plaintiff has not, however, established that Defendants' use of the mark is likely to cause confusion.

Plaintiff primarily argues that, because the marks are counterfeit, the marks are inherently confusing. ECF No. 7 at 15. It is not, however, "necessarily a foregone conclusion . . . that the use of the counterfeit mark[] is inherently confusing." *Chrome Hearts LLC v. Controse Inc.*, No. 21 Civ. 6858, 2023 WL 5049198, at *12 (S.D.N.Y. Aug. 8, 2023); *see also Emoji Company GmbH*

*v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 26 Civ. 1376, 2026 WL 594186, at *1 (S.D.N.Y. March 3, 2026). Courts look to eight factors, known as the *Polaroid* factors, to determine likelihood of confusion: "(1) the strength of the senior mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will "bridge the gap"; (5) actual confusion; (6) the defendant's good faith (or bad faith) in adopting its own mark; (7) the quality of defendant's product; and (8) the sophistication of the buyers." *Savin Corp.*, 391 F.3d at 456; *see also Polaroid Corp. v. Polaroid Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). No one factor is dispositive, however "in an appropriate case, the 'similarity of the marks' factor can be dispositive . . . if the court is satisfied that the marks are so dissimilar that no question of fact is presented." *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000).

Plaintiff notes that, "'[w]here the marks are identical, and the goods are also identical and directly competitive,' a conclusion of likelihood of confusion will follow." ECF No. 7 at 15 (citing *Topps Co. Inc. v. Gerrit J. Verburg Co.*, No. 96 Civ. 7302, 1996 WL 719281, at *6 (S.D.N.Y. Dec. 13, 1996)). Here, some of the allegedly infringing products are mere copies, even bearing the Souper logo itself. ECF No. 7 at 6. However, other products appear to be far from identical, bearing no resemblance to Souper products other than that they are also ice trays. *See, e.g.*, ECF No. 18-1 at 60 (showing an ice tray featuring no logo and a curved design on the outside). Accordingly, Plaintiff has not shown it is likely to succeed on the merits as to all Defendants, and thus has not shown it is entitled to a temporary restraining order against all Defendants.[1]

---

[1] Plaintiff asserts that it is also likely to succeed on its state law claims because it has shown a likelihood of success under the Lanham Act, *see* ECF No. 7 at 18, but the Court has concluded otherwise, and Plaintiff makes no additional argument why its state law claims are likely meritorious.

Plaintiff also fails to establish a likelihood of success on its patent infringement claims. "A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed.Cir.1995). "The chief limitation on the patentability of designs is that they must be primarily ornamental in character." *Arminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007). "[D]esign patents have almost no scope beyond the precise images shown in the drawings." *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1333 n.1 (Fed. Cir. 2014).

"In determining whether an accused product infringes a patented design, [the] court applies the 'ordinary observer' test." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). The ordinary observer test states, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008). The ordinary observer test "applies to the patented design in its entirety, as it is claimed." *Crocs*, 598 F.3d at 1303. A plaintiff must demonstrate that an ordinary observer would be "deceived into believing that the accused product is the same as the patented design." *Crocs*, 598 F.3d at 1303. "Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the [plaintiff] fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). "Courts often conduct side-by-side visual comparisons to determine whether a patent has been infringed because misplaced reliance on a detailed verbal description of the claimed design risks undue emphasis on particular features of the design rather than examination of the design as a whole." *Walker v. Kosann*, No. 23 Civ. 4409, 2024 WL 922642, at *4 (S.D.N.Y. Feb. 16, 2024), *report and recommendation adopted*, 2024 WL 923314 (S.D.N.Y. Mar. 4, 2024).

While Plaintiff has placed into the record many of its registered designs, it has failed to identify how Defendants have infringed on the ornamental designs of these patents. The entirety of Plaintiff's legal analysis on this claim is as follows:

> The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Here, Plaintiff is the lawful assignee of all right, title, and interest in and to the SOUPER CUBES Patents. Sendowski Decl. ¶ 5. Plaintiff has submitted documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the design claimed in the SOUPER CUBES Patents. Id. ¶ 18. The submitted documentation shows that an ordinary observer would be deceived into thinking that the Infringing Products are the same as Plaintiff's SOUPER CUBES Products embodying the designs in the SOUPER CUBES Patents. Finally, Plaintiff has not licensed or 18 authorized Defendants to use the SOUPER CUBES Patents, and none of the Defendants are authorized retailers of genuine SOUPER CUBES Products. Id. ¶ 19. Accordingly, Plaintiff is likely to establish a prima facie case of design patent infringement.

ECF No. 7 at 17-18. Like with the trademark claims, Plaintiff's design patent claims fail to identify with any specificity which products from which defendants infringe on which design patent. There is no side-by-side analysis that would allow the Court to determine infringement on a product-by-product basis. *See Crocs*, 598 F.3d at 1304-05 (conducting such an analysis). On this record, the Court determines that Plaintiff has failed to make the showing necessary to obtain ex parte relief.

The Court acknowledges, however, that at least some Defendants appear to sell some products that infringe on Plaintiff's registered marks or patents. However, joinder of these Defendants also appears to be improper. Under Rule 20, Defendants may be joined when two conditions are met: 1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."; and 2) questions of law or fact are common to all defendants. Fed. R. Civ. P. 20(a)(2). Plaintiff has not convinced the Court that there are common issues of fact

among all Defendants given the vast differences in the shapes, sizes, and styles of ice trays at issue. And, "[w]hile severance may be appropriate, the Court will not decide the issue at this early stage of the litigation, on a motion for emergency relief, and without the benefit of full briefing on the issue." *Coronel*, 449 F. Supp. 3d., at 280. Further, given the number of Defendants, it would not serve judicial economy for the Court to attempt to parse the claims across defendants and sever the independent claims into separate cases. *Cf. Golden Goose Deluxe Brand v. Aierbushe*, No. 19 Civ. 2518, 2019 WL 2162715, at *3-4 (S.D.N.Y. May 16, 2019) (declining to sever parties, even where the Court believed their joinder was improper, prior to issuing a temporary restraining order because it concluded that doing so would not serve judicial economy).

For the reasons stated herein, the motion for temporary restraining order, ECF No. 6, is **DENIED.** Additionally, Plaintiff's motion for leave to file excess pages, ECF No. 12, is **DENIED AS MOOT.** The Court notes that Plaintiff's memorandum of law in support of its motion for temporary restraining order exceeds the Court's page limits by 17 pages, and the Court is unlikely to grant such a motion in the future if requests are similarly unreasonable. Plaintiff's motion to seal, ECF No. 11, is **GRANTED.** The Court finds the documents are "judicial documents" to which a high presumption of public access attaches. *Mirlis v. Greer*, 952 F.3d. 51, 58 (2d Cir. 2020). "[S]ealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). While the Court denies the motion for a temporary restraining order, the Court understands that public disclosure of the information filed under seal would, at this time, "cause significant competitive harm" to Plaintiff. *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022).

6

Plaintiff shall, by **July 9, 2026**, file a letter on the docket proposing next steps in this litigation.  The Clerk of Court is respectfully directed to close ECF Nos. 11 and 12.

SO ORDERED.

Dated: July 2, 2026
      New York, New York

                              DALE E. HO
                   United States District Judge